IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Crim. No. 2013-22 |
| | ) | |
| v. | ) | |
| | ) | |
| RAYMOND BROWN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## REPORT AND RECOMMENDATION

Before the Court is the motion of Arturo Watlington, Jr., to withdraw from his retained representation of defendant herein, pursuant to Rule 1.7 of the American Bar Association's Model Rules of Professional Conduct ("Rule 1.7").   [DE 545].   On February 10, 2014, the District Court heard argument on the motion and asked Attorney Watlington to supplement his motion with certain information, which Attorney Watlington purported to submit later that day.[1]   [DE 571]. Thereafter, the District Court referred the motion to withdraw to the undersigned for a Report and Recommendation.   [DE 572].

Attorney Watlington seeks to withdraw primarily based upon an alleged conflict of interest between the current representation of defendant Raymond Brown, and his representation of defendant's father, Omar Brown, Jr.[2]   While the motion itself contains no reasoning as to the

---

[1]      Following the hearing, the Court issued a written order requiring Attorney Watlington to submit "a copy of the contract discussed at the hearing" and "the specific language of the utterances or statements made by Raymond Brown on January 6, 2014."   [DE 569].    Attorney Watlington's submission contained only selected pages of a "Contract for Sale" dated May 8, 2000, and a Certificate of Attachment from the Office of the Lieutenant Governor regarding a piece of property in Dorothea on St. Thomas.   He did not submit anything regarding defendant's January 6, 2014 statements.   [DE 571]

[2]      Attorney Watlington also apparently argues that there is "serious animosity" that has arisen between him and defendant's mother that somehow may affect his ability to represent defendant here.   [DE 545, ¶¶ 6-8].   Counsel neither articulates any authority to support such a contention, nor can the Court discern any reason to permit withdrawal on that basis.

*USA v. Raymond Brown*
Crim. No. 2013-22
Page 2

application of Rule 1.7, Attorney Watlington proffered an unsigned "Affirmation" that describes some of the factual underpinnings of the alleged conflict, and offers that "Rule 1.7 states that a counsel not involve himself in representing adverse parties at the same time."    [DE 545, p.2, ¶ 12, ("Watlington Aff.")].

In the Affirmation, Attorney Watlington explains that, during a discussion of a pending real estate issue, defendant "commenced to express his opinion or position with the proposed transfer of real property between his parents and espousing a position and claim which counsel believes created on [sic] adversarial position between the Defendant and Defendant's father whom counsel is committed to and most comfortable representing."    *Id.* at ¶ 9.    He states defendant's comments "seemingly creates in counsel's mind an opinion that he is representing two adverse parties; the Defendant in this criminal matter and Defendant's father in a pending real estate transaction in which the Defendant feels he has a vested interest."    *Id*. at 10.    He is concerned that in advising defendant in the criminal matter, "it may be assumed that such representation and advice may be scrutinized, characterized as given to benefit the interest if [sic] the Defendant's father and not the Defendant," and that he may be "accused of partiality between my family members."[3]    *Id*. at ¶¶ 11, 13.

Rule 1.7 provides as follows:

RULE 1.7: CONFLICT OF INTEREST:
CURRENT CLIENTS

(a)    Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest.    A concurrent conflict of interest exists if:

---

[3]    "Counsel is also related to the Defendant by blood since his paternal grandmother was my first cousin." Watlington Aff., ¶ 2.    Attorney Watlington also detailed his relationship to both Omar Brown, Jr. and defendant at the February 10, 2014 hearing.

*USA v. Raymond Brown*
Crim. No. 2013-22
Page 3

> (1)   the representation of one client will be directly adverse to another client; or
>
> (2)   there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
>
> (b)   Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
>
> (1)   the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
>
> (2)   the representation is not prohibited by law;
>
> (3)   the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
>
> (4)   each affected client gives informed consent, confirmed in writing.

ABA Rule 1.7.   The Comments to Rule 1.7 provide that "[e]ven where there is no direct adverseness, a conflict of interest exists if there is a significant risk that a lawyer's ability to consider, recommend or carry out an appropriate course of action for the client will be materially limited as a result of the lawyer's other responsibilities or interests, [however, t]he mere possibility of subsequent harm does not itself require disclosure and consent." ABA Rule 1.7 cmt. 8.

In the present case, Attorney Watlington apparently relies upon subsection (a)(2) of Rule 1.7, as he claims a concurrent conflict of interest between his clients Omar Brown, Jr., and Raymond Brown.   His representation of Raymond Brown in this criminal matter is obviously not directly adverse to that of Omar Brown, Jr., as the senior Brown is not a party to this criminal litigation.   Rather, counsel suggests that in a real estate transaction that he is apparently handling on behalf of Omar Brown, Jr., defendant has suddenly expressed he has some interest in the property at issue that is adverse to that of his father.   It is this "adverseness" that counsel argues now makes him "very certain that he cannot continue to adequately and comfortably represent and advise the defendant."   Watlington Aff., ¶ 11.

*USA v. Raymond Brown*
Crim. No. 2013-22
Page 4

In support of his position, however, Attorney Watlington, despite having been ordered to produce a copy of the contract that he claims gives rise to the adverse interests of his clients, has only produced a part of a 14-year-old "contract for sale" that nowhere demonstrates any interest on the part of defendant.   Nor has counsel provided the Court with defendant's statements that counsel claims triggered his belief that there is some adverseness of position between father and son as to this property.   This Court simply cannot conclude, based on this record, that there is "a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client" sufficient to require withdrawal at this point in the representation.

It should also be noted that the record is devoid of any indication that defendant considers continued representation by Attorney Watlington unpalatable.   Counsel's recitation that when asked his position on withdrawal after the February 10, 2014 hearing, defendant responded "whatever just wants this over with" [DE 571] is hardly a condemnation of counsel warranting withdrawal.   Of course, defendant is free to retain substitute counsel should he want to do so, but on this record, the Court sees no conflict mandating that current counsel withdraw.

Accordingly, the premises considered, IT IS HEREBY RECOMMENDED that the motion be DENIED.

**DATED:**  February 11, 2014                    S_____

                                                             **RUTH MILLER**
                                                             United States Magistrate Judge