IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Crim No. 2013-22 |
| ) | |
| v. ) | |
| ) | |
| RAYMOND BROWN ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

REPORT AND RECOMMENDATION

Before the Court is the government's motion to disqualify counsel for defendant Raymond Brown, Arturo Watlington, Jr., Esq., based on an alleged conflict of interest. [DE 598].[1] On February 11, 2014, this Court entered a Report and Recommendation to deny Attorney Watlington's motion to withdraw as counsel, finding no disqualifying conflict existed. [DE 573]. On February 12, 2014, the District Court adopted the Report and Recommendation and denied the motion to withdraw. [DE 574].

In support of its motion for disqualification, the government now argues that during the February 10, 2014 argument on Attorney Watlington's motion to withdraw, it informed the Court of information it had that may implicate another of Attorney Watlington's clients, the defendant's father, in conduct addressed in the present indictment. The government does not, however, explain why such information, regarding a person not charged in the present matter, constitutes a disqualifying conflict for counsel, nor does it offer any authority in support.[2]

---

1   The Court invited any other party wishing to weigh in on the motion to respond to it, but no one, not even defendant Brown, did so.

2   Moreover, the Court could find no reference in the record of the February 10 hearing to defendant's father's

Rule 1.7 of the American Bar Association's Model Rules of Professional Conduct ("Rule 1.7") governs conflicts between current clients and provides as follows:

> RULE 1.7: CONFLICT OF INTEREST:
> CURRENT CLIENTS
>
> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest.  A concurrent conflict of interest exists if:
> (1) the representation of one client will be directly adverse to another client; or
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> (2) the representation is not prohibited by law;
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
> (4) each affected client gives informed consent, confirmed in writing.

ABA Rule 1.7.   The Comments to Rule 1.7 provide that "[e]ven where there is no direct adverseness, a conflict of interest exists if there is a significant risk that a lawyer's ability to consider, recommend or carry out an appropriate course of action for the client will be materially limited as a result of the lawyer's other responsibilities or interests, [however, t]he mere possibility of subsequent harm does not itself require disclosure and consent." ABA Rule 1.7 cmt. 8.

In the present case, the government apparently relies upon subsection (a)(2) of Rule 1.7 as raising a concurrent conflict of interest between Attorney Watlington's clients Omar Brown, Jr. and Raymond Brown.  However, as we previously found, his representation of

---

alleged involvement in the facts underlying the present case.

Raymond Brown in this criminal matter is obviously not directly adverse to that of Omar Brown, Jr., as the senior Brown is not a party to this criminal litigation. And the government has not articulated a basis to find any other conflict that would prevent Attorney Watlington from carrying out a proper representation in this case. This Court simply cannot conclude, based on this record, that there is "a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client" sufficient to require disqualification.

Accordingly, the premises considered, IT IS HEREBY RECOMMENDED that the motion be DENIED.

DATED: March 19, 2014

_____
**RUTH MILLER**
United States Magistrate Judge