DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal No. 2013-22 |
| ) | |
| RAYMOND BROWN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

ATTORNEYS:

**Ronald Sharpe, United States Attorney**
**Kelly B. Lake, AUSA**
St. Thomas, U.S.V.I.
**Kim Lindquist, AUSA**
St. Thomas, U.S.V.I.
   *For the plaintiff,*

**Arturo R. Watlington, Jr.**
Law Offices of Arturo Watlington
St. Thomas, U.S.V.I.
   *For the defendant Raymond Brown,*

### ORDER

Before the Court is United States motion to disqualify Attorney Arturo Watlington as counsel for defendant Raymond Brown.

This order is written primarily for the parties, and thus assumes familiarity with the facts underlying this motion. On February 10, 2014, the Court held a hearing on a motion to withdraw filed by Attorney Watlington (the "first motion"). At the hearing, the Court inquired as to the bases for the first

*United States v. Brown*
Crim. No. 2013-22
Order
Page 2

motion.  Attorney Watlington indicated that he believed there was a conflict which ran afoul of Model Rule of Professional Conduct 1.7.

Specifically, Attorney Watlington indicated he had a recurring attorney-client relationship with Raymond Brown's father, Omar Brown.  Attorney Watlington indicated that he was representing Omar Brown in a real estate transaction in which Omar Brown and Raymond Brown had adverse interests. On that basis, Attorney Watlington asked to withdraw.  The United States did not oppose the first motion, advising that out of an abundance of caution the United States was in favor of disqualification. The Court denied the first motion. The Court found that there was not sufficient evidence on the record to conclude that there even was an ongoing real estate transaction, that Omar Brown and Raymond Brown had adverse interests in such a transaction, or that any such interests would materially limit Attorney Watlington in his representation of either individual in these unrelated cases.

The United States filed the instant motion to disqualify on March 3, 2014.  In it, the United States requests that Attorney Watlington be disqualified from representing Raymond Brown.  The United States alleges that there is reason to believe there is a conflict of interest between Omar Brown and Raymond Brown.

*United States v. Brown*
Crim. No. 2013-22
Order
Page 3

    Thereafter, the Court referred the motion to disqualify to Magistrate Judge Ruth Miller for a Report and Recommendation. The Magistrate Judge found she could not conclude, based on the record or the law, that there was a significant risk that the representation of any of Attorney Watlington's clients would be materially limited by his representation of Raymond Brown in this case.

    The Court has undertaken a de novo review of the complete record and relevant law, and must agree with the Magistrate Judge's conclusions.

    The premises considered, it is hereby

    **ORDERED** that the Magistrate Judge's Report and Recommendation is **ADOPTED**; and it is further

    **ORDERED** that the motion to disqualify is **DENIED**.

                                           S\_____
                                              **CURTIS V. GÓMEZ**
                                              **District Judge**